UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KANDANCE A. WELLS					CIVIL ACTION NO. 14-cv-2638

VERSUS							JUDGE FOOTE

CUMULUS BROADCASTING				MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Kandace Wells ("Plaintiff"), who is self-represented, commenced this civil action by filing a one-page complaint in which she alleged that disc jockeys at a local radio station publicly defamed her. The named defendant is Cumulus Broadcasting. For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

**Burden to Establish Jurisdiction**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that

reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**Analysis**

The court issued an order (Doc. 8) and explained to Plaintiff that federal courts may not hear all kinds of cases. They have limited jurisdiction, and the party who brings a suit in federal court must explain the basis for federal court jurisdiction. The order noted that the only potentially applicable grounds for federal jurisdiction in a case of this kind are (1) the presence of a claim based on federal law or (2) diversity of citizenship.

The order also pointed out that (1) Plaintiff has not identified any federal statute or other law on which her claim is based, (2) Plaintiff's claims of slander or defamation would arise under state rather than federal law, and (3) such state law claims may be asserted in federal court only if there is a basis for diversity jurisdiction. Plaintiff was advised that if she wished to invoke diversity jurisdiction, she must allege the citizenship of each party (and show that they are citizens of different states) and that the amount in controversy exceeds $75,000. It appears that Plaintiff is a Louisiana citizen, but the citizenship of Cumulus Broadcasting was not clearly alleged in the complaint.

Plaintiff was told that she may need to pursue her state law claims of defamation in a state court and, if she wished to do so, she could notify this court in writing that she wished to dismiss this federal complaint without prejudice. If, however, Plaintiff wished to attempt to establish federal court jurisdiction, she was ordered to file an amended complaint by October 27, 2014 and provide all facts necessary to establish a basis for federal jurisdiction.

Plaintiff was instructed that if she made an effort to invoke diversity jurisdiction, she had to identify the particular Cumulus entity (using its precise legal name) that she is suing and set forth (1) the state in which it is incorporated and (2) the state in which it has its principal place of business.

The October 27 deadline has passed, and Plaintiff has filed nothing. She has not, therefore, met her burden of establishing a basis for the federal court to exercise jurisdiction over her claim. Her complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of November, 2014.

                                      Mark L. Hornsby
                                      U.S. Magistrate Judge